774 So.2d 340 (2000)
Marshall DAVENPORT, Sr.
v.
ALBERTSON'S, INC.
No. 00-00685-CA.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*341 Terry B. Soileau, Teche Law, Inc., Lafayette, LA, Counsel for Plaintiff/Appellant.
Raymond C. Jackson, III, Allen, Gooch, et al., Lafayette, LA, Counsel for Defendant/Appellee.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge MICHAEL G. SULLIVAN, and Judge GLENN B. GREMILLION.)
GREMILLION, Judge.
The plaintiff, Marshall Davenport, Sr., appeals the judgment of the trial court granting summary judgment in favor of *342 the defendant, Albertson's Incorporated. For the following reasons, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND
Davenport filed suit for damages incurred as a result of a slip and fall accident on Saturday morning, July 28, 1997, at an Albertson's store located in Lafayette, Louisiana. Davenport claims he stepped on a toy truck in the toy aisle causing him to fall and sustain injuries.
The trial court granted Albertson's motion for summary judgment finding that no genuine issue of material fact existed because Davenport failed to produce any evidence contradicting the affidavit of an Albertson's employee, who confirmed that an inspection of the aisle in question was conducted minutes prior to Davenport's fall. Davenport timely appealed the trial court's judgment dismissing his case against Albertson's.
Davenport assigns as error the trial court's action in "overlooking, ignoring or discounting" the affidavit of Davenport and other witnesses, as well as certain photographic evidence. Davenport urges that it was error for the trial court to "intentionally discount" his affidavit because it required the trial court to make credibility determinations, which would constitute errors of fact and law.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. Id.
Material facts are those that determine the outcome of the legal dispute. Soileau v. D & J Tire, Inc., 97-318 (La. App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. Id. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

DISCUSSION
We must determine whether or not there are genuine issues of material fact such that granting the motion for summary judgment was proper or improper. To maintain a slip and fall action, Davenport has the burden of proving the usual requirements for a negligence action (duty, breach, cause in fact, & damages) plus those found in La.R.S. 9:2800.6, including that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable, and
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Section C of that same statute defines constructive notice to mean that:

*343 [T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081.

Constructive Notice
The supreme court's discussion in White makes it clear that this temporal element requires that the claimant prove the condition existed for a period of time prior to the fall such that a merchant would have discovered it in the course of exercising reasonable care. In pertinent part, the court noted:
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
Id. at 1084-85.
Albertson's argues that Davenport put forth no evidence to suggest that the toy truck was on the floor for some period of time prior to the fall, and that since he failed to meet this burden, summary judgment was properly granted in its favor. On appeal, the issue before us is whether Davenport met his burden of proving that Albertson's had constructive notice of the toy truck on the floor.
We find that a plaintiff in a slip and fall case may prove constructive notice on part of the defendant by introducing circumstantial evidence of the existence of the condition. We reject a finding that the plaintiff must prove, via eyewitness testimony, that the condition existed for a certain number of minutes prior to the fall. Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, writ denied 99-0486 (La.4/1/99); 742 So.2d 562. The factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for some time prior to the accident. Id.
In Broussard, we found, as did Justice Calogero in his dissent in White, that it would be virtually impossible for the plaintiff to prove how long the substance or item that caused him/her to fall was present at that particular location. Moreover, in White, the cases relied upon by the supreme court, as examples of when a plaintiff has successfully carried his burden, all allowed the introduction of circumstantial evidence after the actual occurrence of the accident to prove constructive notice.[1]
*344 As is usual in the case of slip and fall accidents, Davenport had no idea how long the toy truck had been on the floor or how it got there. However, Davenport produced affidavits of witnesses who have seen toys and other objects on the toy aisle since the date of his accident, on the same day of the week, and at the approximate time of his fall. Additionally, photographs of toys laying in the aisle were submitted into evidence.[2] While it is true that this evidence was gathered fourteen months after the accident, it is admissible and relevant to the issue of whether Albertson's had constructive notice. Beninate v. Wal-Mart Stores, Inc., 97-802 (La. App. 5 Cir. 12/10/97); 704 So.2d 851, writ denied, 98-82 (La.3/13/98); 713 So.2d 470. We feel that a reasonable factfinder could find, from the circumstantial evidence produced by Davenport and the totality of the circumstances, that the toy truck was on the floor for some period of time prior to the fall. Thus, we find the evidence submitted by Davenport is sufficient to create a genuine issue of material fact as to Albertson's constructive notice of the toy on the floor as required by La.R.S. 9:2800.6(B)(2).

Reasonable Care
Next, we address whether Davenport produced sufficient evidence to meet his burden under La.R.S. 9:2800.6(B)(3), which requires that the claimant prove that the merchant failed to exercise reasonable care.[3] The trial court granted summary judgment in favor of Albertson's based on Davenport's failure to refute an affidavit of an employee that the aisle in question had been inspected minutes before the accident.[4] This evidence addresses La.R.S. 2800.6(B)(3) relating to the reasonable care standard, as opposed to La.R.S. 2800.6(B)(2), which requires actual or constructive notice.
The only evidence offered by Albertson's was the affidavit of Pat Clancy, the drug manager, who testified that he was notified of the accident at approximately 11:10 a.m. by Davenport, who approximated the time of the accident at 11:05 a.m. Clancy further testified that he had inspected the aisle in question within fifteen minutes prior to the accident and was within twelve to twenty feet of the area and saw no foreign objects on the floor. Albertson's offered no other evidence as to reasonable protective measures or inspection procedures.
On the other hand, Davenport produced the affidavits of several witnesses and photographic evidence to refute the reasonableness of the store's inspection policy and procedure such that it could be inferred that the toy was on the floor for such a period of time that it would have been discovered had Albertson's exercised reasonable care. Diane Martin testified *345 that she rushed to assist Davenport after his fall and noticed not only the toy truck on the floor, but also the wheels of a similar type toy on the floor. Davenport offered the affidavit of Debra L. Soileau, who testified that she saw numerous toys and other items all over the aisle on September 25, 1999. Further, he introduced photographs taken by Soileau of the condition of the aisle on that same day. Soileau also testified that she noticed toys on the toy aisle on a trip to the store made on Saturday, November 6, 1999, and that she watched for forty-five minutes to see if any employee would pick up the toys on the floor. She noted that two employees traversed the aisle, walked right past the toys and did not pick them up, and that another employee in the vicinity and in clear view of the toys on the floor, who was tagging merchandise for approximately fifteen minutes, did not pick up any of the toys. Soileau again took six pictures ninety minutes after first noticing the toys on the toy aisle.
Michelle Broll also testified that she routinely shopped with her parents at Albertson's on Saturday mornings and that, on the day in question, she noticed the toy truck as well as a ball on the floor; that she would often play with the toys on the toy aisle while waiting for her mother; that she would often see other children playing with toys in the toy aisle; that she noticed kids often leaving toys on the floor of the toy aisle; that on Saturdays there were usually toys on the floor of the toy aisle; and that she never noticed any manager or employee of Albertson's picking up the toys from the toy aisle. Further, she reviewed the photographs taken by Soileau and stated that the condition of the toy aisle shown in the pictures was the usual condition of the floor in the toy aisle when she shopped with her mother on Saturday mornings.
Albertson's strongly urges that the pictures and Soileau's testimony are improper, irrelevant, inadmissible, and should not even be considered by this court, citing Stewart v. Great Atlantic & Pacific Tea Co., 94-1592 (La.App. 4 Cir. 3/16/95); 657 So.2d 1327. We disagree. In Norton v. Wal-Mart Stores, Inc., 97-1060 (La.App. 3 Cir. 2/11/98); 707 So.2d 489, we affirmed the trial court's decision to allow photographic evidence taken two years after the slip and fall accident and offered to discredit the reasonableness of the defendant's safety procedures.
The trial court either ignored this evidence or chose to credit the affidavit of Pat Clancy. We find the trial court's conclusion legally erroneous. It is elemental that credibility determinations are not to be made at the summary judgment level. Additionally, it is the province of the factfinder to weigh the evidence produced by both parties. Faul v. Bank of Sunset & Trust Co., 93-1080 (La.App. 3 Cir. 5/19/94); 635 So.2d 573. Because a genuine issue of material fact exists concerning the reasonableness of Albertson's actions, the granting of a summary judgment in favor of Albertson's is precluded.

CONCLUSION
Davenport has produced evidence that he will be able to meet his burden of proving constructive notice and the unreasonableness of Albertson's failure to correct the condition. Therefore, it was error for the trial court to grant summary judgment at this stage of the proceedings. Accordingly, the judgment of the trial court is reversed and Albertson's motion for summary judgment is denied. This case is remanded for further proceedings. The costs of this appeal are assessed to the defendant-appellee, Albertson's Incorporated.
REVERSED AND REMANDED.
NOTES
[1] See Treadaway v. Shoney's, Inc., 93-1688 (La.App. 4 Cir. 2/25/94); 633 So.2d 841 (medical technician who rendered aid to plaintiff after fall testified that floor was wet); Oalmann v. K-Mart Corp., 630 So.2d 911, 913 (La.App. 4 Cir.1993), writ denied, 94-0244 (La.3/18/94); 634 So.2d 859 (plaintiff's evidence of constructive notice was the fact that it had been raining prior to the fall "the evidence does not clearly establish precisely how long the floor was wet prior to [plaintiff's] fall"); Saucier v. Kugler, Inc., 628 So.2d 1309 (La.App. 3 Cir.1993) (circumstantial evidence that lemon display was often piled high causing lemons to roll onto the floor sufficed to meet plaintiff's burden); Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La.App. 5 Cir.1993) (constructive notice satisfied because customers allowed to carry bags of popcorn throughout store, thus, risking it being dropped on the floor).
[2] See below for a detailed discussion of the evidence introduced by Davenport.
[3] Albertson's correctly notes in its brief that the motion for summary judgment only addressed the issue of notice. However, we are of the opinion that the trial court granted the summary judgment, not based on notice issue, but on the issue of whether the merchant failed to exercise reasonable care. Thus, we feel it necessary to address this issue.
[4] In its reasons for ruling, the trial court stated "The Plaintiff in this matter has requested written reasons. They follow. Albertsons (sic) sought and was granted a Summary Judgment, the Court finding no issue of material fact in the record presented. Of significance was the affidavit submitted by an Albertsons' (sic) employee as support for its Motion, affirming an inspection of the aisle in question within minutes of the accident. No evidence was presented by the Plaintiff to contradict this affidavit. The Court recognizes in some circumstances the evidence presented concerning the store's condition some 14 months after the accident might defeat a Motion for Summary Judgment, but not in light of the affidavit aforementioned."