NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-16

ROSLYN MORRISON

VERSUS

BROOKSHIRE GROCERY COMPANY, INC.
D/B/A SUPER ONE FOODS

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-6567-G
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Harold D. Register, Jr.
P. O. Box 80214
Lafayette, LA 70598-0214
(337) 981-6644
Counsel for Plaintiff/Appellant:
    Roslyn Morrison

**Charles J. Foret**
**Gary J. Delahoussaye**
**Jason R. Garrot**
**Briney & Foret**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**Counsel for Defendant/Appellee:**
      **Brookshire Grocery Company, Inc.**
      **d/b/a Super One Foods**

GREMILLION, Judge.

In this slip and fall case, the plaintiff, Rosyln Morrison, appeals the judgment of the trial court granting summary judgment in favor of the defendants, Super 1 Foods, Brookshire Grocery, Inc., and Specialty Risk Services. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Morrison filed suit in December 2006, following a July 2006 fall on chicken blood at Super 1 Foods. Super 1 Foods filed a motion for summary judgment in September 2007, which was granted following an October 2007 hearing. Morrison now appeals and assigns as error the trial court's grant of summary judgment in favor of Super 1 Foods.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. Art. 966(B) and (C). This means that judgment should be rendered in favor of the movant if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

1

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

## DISCUSSION

To maintain a slip and fall action, Morrison bears the burden of proving the usual requirements of a negligence action (duty, breach, cause in fact, and damages), plus those found in La.R.S. 9:2800.6, which states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all of elements of his case of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Section C of that same statute defines constructive notice to mean that:

2

[T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action. *White v. Wal-Mart Stores, Inc.,* 97-0393 (La. 9/9/97), 699 So.2d 1081.

## CONSTRUCTIVE NOTICE

The supreme court's discussion in *White* makes it clear that this temporal element requires that the claimant prove the condition existed for a period of time prior to the fall such that a merchant would have discovered it in the course of exercising reasonable care. In pertinent part, the court noted:

Though there is no bright line time period, a claimant must show that "the condition existed for a such a period of time . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*Id.* at 1084-85.

Morrison argues that there is a genuine issue of material fact as to whether or not Super 1 Foods had constructive notice of the hazardous condition which existed on their floor. Morrison urges that the testimony of employee, Juanita Berard, indicates that the blood was on the floor for at least fifteen minutes prior to the plaintiff falling. We disagree.

3

Morrison testified via deposition that she had been shopping in the store for ten or fifteen minutes with her two children. She stated that she was pushing her cart on the last aisle with the "Little Debbie cakes" and the next thing she knew she had slipped and the cart was going one way while she was going the other. She stated that she did not see anything on the floor because she was busy looking at the cakes. Morrison said that following the fall the only thing she saw was the skid mark left by her shoe, but that there were some "droplets" of chicken blood here and there and a "little puddle here and there." She described the puddles as being the size of a fifty cent piece and the drops as being the size of a dime. She further stated that she was not sure if the substance was chicken blood, but that it was something red from the meat department. Morrison said there were no employees on the aisle or around the area at the time she fell and that as far as she knew, no employees saw the substance on the floor until she fell.

Juanita Berard testified via affidavit that she had been the Assistant Manager at the store for the past three years and that part of her regular job duties is to walk the floors and constantly examine them as she performs her job duties. She stated that on the day of the accident, she "walked and inspected the area where the alleged slip and fall occurred not more than fifteen minutes prior to the alleged fall. No puddles or droplets of chicken blood, or any other substance, were on the floor at that time." She further stated that no employees caused the substance to be on the floor or had any knowledge of its presence.

We acknowledge that the plaintiff in a slip and fall case does have a difficult burden to overcome. However, we have previously held that circumstantial

4

evidence can be offered to prove that the condition has existed in the store for some time. *See Davenport v. Albertson's Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-0073 (La. 3/23/01), 788 So.2d 427; *Broussard v. Wal-Mart Stores, Inc.,* 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, *writ denied*, 99-0486 (La. 4/1/99), 742 So.2d 562. Simply, Morrison has provided no evidence that the substance was there for an unreasonable time. Berard testified she had inspected the floor not more than fifteen minutes before the fall. Morrison provided no evidence to the contrary. Therefore, no genuine issues of material fact exist. Accordingly, this assignment of error is without merit.

**CONCLUSION**

The judgment of the trial court granting summary judgment in favor of the defendants-appellees, Super 1 Foods, Brookshire Grocery, Inc., and Specialty Risk Services, is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Roslyn Morrison.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.