NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-407

HELEN M. CALLIET-COMEAUX

VERSUS

WINN-DIXIE MONTGOMERY, L.L.C., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201111140
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.

REVERSED AND REMANDED.

**Peter Brian Derouen**
**The Derouen Firm, LLC**
**Post Office Box 61592**
**Lafayette, Louisiana 70596**
**(337) 205-8734**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Helen M. Calliet-Comeaux**

**David John Calogero**
**Rachel B. Godley**
**Davidson, Meaux, Sonnier, Mc Elligott,**
**Fontenot, Gidion & Edwards, L.L.P**
**Post Office Drawer 2908**
**Lafayette, Louisiana 70502**
**(337) 237-1660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Winn-Dixie Montgomery, L.L.C.**

**CONERY, Judge.**

Plaintiff-Appellant, Helen M. Calliet-Comeaux, (Mrs. Comeaux), filed suit against Defendant-Appellees, Winn-Dixie Montgomery, L.L.C., (Winn-Dixie) and ABC Insurance Company, to recover for injuries sustained when she slipped and fell at Winn-Dixie in Rayne, Louisiana. Following a hearing, the trial court granted summary judgment in favor of Winn-Dixie, thereby dismissing Mrs. Comeaux's petition with prejudice. For the following reasons, we reverse the trial court's grant of the summary judgment and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2010, Mrs. Comeaux, a seventy-two year old widow, drove to Winn-Dixie in Rayne, Louisiana. Upon arriving at Winn-Dixie, she proceeded to the rear of the store to buy two packages of refrigerated rice dressing mix and some cream of mushroom soup. She was not using a buggy and did not carry her purse.

Mrs. Comeaux proceeded down the store's main rear aisle near the refrigerated kiosks toward the meat section. On the way down the aisle, she spoke to the manager of Winn-Dixie, as well as several neighbors who were also shopping in the store.

Tony O'Brian Robert, Sr., whose affidavit was submitted in opposition to the motion for summary judgment, was shopping in the same area and witnessed Mrs. Comeaux's fall.[1] Just prior to Mrs. Comeaux entering the soup aisle near the refrigerated kiosks, Mr. Robert saw a store employee pushing a cart and restocking

---

[1] Appellant's submission refers to the Affiant as Tony Ryan, Sr. The record reflects the Affiant's name is Tony O'Brian Robert, Sr., so therefore this court presumes they are the same individual.

the shelves nearby. This Winn-Dixie employee walked right past the location of the fall, shortly before Mrs. Comeaux's accident. As Mrs. Comeaux reached for the can of soup, Mrs. Comeaux fell hard, landing on her back and hitting her head on the floor. After the fall, Mrs. Comeaux claimed to feel "oozy." She testified in her deposition that she removed something "slimy on my foot, on my shoe" after the fall. She indicated that it was possibly a piece of banana or a banana peel. In any case, all parties agree there was a "white substance" on the floor. Mrs. Comeaux also testified that the only footprint in the white substance was her own and she saw no other buggy tracks in the white substance. The store employees helped place Mrs. Comeaux onto a chair and wiped the white substance off her shoe, as the manager cleaned up the rest of the white substance that remained on the floor. Mrs. Comeaux was offered the assistance of an ambulance, but refused.

The trial court found that Mrs. Comeaux would be unable to sustain her burden of proof that Winn-Dixie had actual notice of the white substance on the floor or that the white substance was on the floor for a sufficient period of time so as to impute constructive notice to Winn-Dixie. A final judgment dismissing Mrs. Comeaux's suit was signed on the date of the hearing, September 24, 2012, and mailed to counsel on October 1, 2012. Mrs. Comeaux's counsel timely requested that the trial court issue written reasons for judgment, and on November 24, 2012, the trial court issued its "Reasons for Ruling." A timely notice of appeal was then lodged by Mrs. Comeaux.

## ASSIGNMENTS OF ERROR

On appeal, Mrs. Comeaux argues that the trial court erred in finding that the employees of Winn-Dixie did not have actual or constructive notice of the white substance on the floor. Mrs. Comeaux claims she would have been able to sustain

2

her burden at trial, as the affidavit of Mr. Robert and other circumstantial evidence place sufficient material facts at issue to defeat summary judgment. She urges the following assignments of error:

> 1. The Trial Court failed to properly consider the affidavit testimony of Mr. Tony Ryan, Sr. [Mr. Tony Robert, Sr.] and the deposition testimony of Ms. Helen Comeaux when evaluating whether Winn-Dixie Montgomery, L.L.C., through its employees, had actual notice of the slippery substance they walked past shortly before the plaintiff slipped and fell.

> 2. The Trial Court failed to properly consider the affidavit testimony of Mr. Tony Ryan, Sr. [Mr. Tony Robert, Sr.] and the deposition testimony of Ms. Helen Comeaux when evaluating whether Winn-Dixie Montgomery, L.L.C., through its employees had constructive notice of the slippery substance they walked past shortly before the plaintiff slipped and fell.

> 3. The Trial Court failed to properly consider the constructive notice element of Louisiana Revised Statute 9:2800.6(C).

> 4. The Trial Court failed to properly consider relevant and pertinent circumstantial evidence and only considered direct, actual evidence.

## LAW AND ANALYSIS

### *Appellate Standard of Review*

Summary judgments are reviewed de novo, applying the same standard as that applied by the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. Summary judgment is favored by the law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

In 1997, the legislature enacted La.Code Civ.P. art. 966(C)(2) which

clarified the burden of proof in summary judgment proceedings. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. "[T]he failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Hutchinson v. Knights of Columbus, Council No. 5747,* 03–1533, p. 6 (La. 2/20/04), 866 So.2d 228, 233, *citing Hardy v. Bowie,* 98–2821 (La. 9/8/99), 744 So.2d 606.

When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967(B). A fact is material when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith,* 639 So.2d at 751 (citations omitted) (alteration in original). In other words, a "material" fact is one that would matter on the trial on the merits. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." *Id.* In determining whether a fact is material, we must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.,* 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied,* 01-73 (La. 3/23/01), 788 So.2d 427.

In addition to the elements of tort, duty, breach, causation, and damages required in a negligence action, a plaintiff is also required to meet the requirements

4

of La.R.S. 9:2800.6, which states in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The supreme court clarified both Section (B)(2) and (C)(1), the constructive notice requirement, in its opinion in *White v. Wal-Mart Stores, Inc.,* 97-0393, pp. 4-5 ( La.9/9/97), 699 So.2d 1081,1084-85, and stated as follows:

The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.

Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden. (citations omitted)

Each of the four assignments of error urged by Mrs. Comeaux are focused on the ruling of the trial court dismissing her claim on the basis that she was unable to present material facts that the employees of the Winn-Dixie had either "actual or constructive" knowledge of the "slimy" substance that caused her fall or any evidence of the "temporal" element, that is how long the substance had been on the floor, as required by La.R.S. 9:2800.6

*Plaintiff's Opposition to Summary Judgment*

Mrs. Comeaux submitted the affidavit of Mr. Robert in opposition to the defendant's motion for summary judgment. Mr. Robert attested he was shopping only a short distance away from Mrs. Comeaux, had a clear view of the aisles, and witnessed her fall. Mr. Robert was the first person to reach Mrs. Comeaux and stayed with her until two Winn-Dixie employees arrived to render assistance. Mr.

Robert noticed Mrs. Comeaux slipped on a white substance that remained on her shoe.

Mr. Robert further attested that, just prior to Mrs. Comeaux entering the aisle where she fell, he witnessed a Winn-Dixie employee pushing a cart and restocking the shelves nearby. This Winn-Dixie employee walked right past the location of the fall shortly before Mrs. Comeaux's accident. Other than the Winn-Dixie employee, Mr. Robert's affidavit does not indicate he saw anyone else walk past the position of the white substance prior to Mrs. Comeaux's fall.

Mrs. Comeaux testified in her deposition testimony that after the fall, a large amount of the "slimy" substance was still on the bottom of her shoe. She was unable to walk without assistance and was seated in a chair by a Winn-Dixie employee who gave her a paper towel to wipe the substance off her shoe. In addition, she testified that a store manager used additional paper towels to wipe up the substance that remained on the floor after her fall.

Winn-Dixie argued that although La.R.S. 9:2800.6(C)(1) requires the merchant to exercise reasonable care, the burden is on the plaintiff to prove:

> [T]hat the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, *alone,* constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. (emphasis added)

In this case it is undisputed that Winn-Dixie did not have either a written or verbal cleanup or safety procedure policy. La.R.S. 9:2800.6(B)(3) provides that "the absence of a written or verbal uniform cleanup or safety procedure is insufficient, *alone*, to prove failure to exercise reasonable care." (emphasis added)

7

The key word contained in both portions of La.R.S. 9:2800.6 is the word *alone*. In this case, the affidavit of Mr. Robert is clear that there was at least one Winn-Dixie employee who walked past the area just prior to Mrs. Comeaux's fall. It is undisputed that Winn-Dixie lacked any "written or verbal cleanup or safety procedures." It is uncontroverted that Ms. Comeaux slipped on a white, slimy substance on the floor in the aisle and that she suffered injuries as a result. These are sufficient issues of material fact to defeat summary judgment.

## DISPOSITION

The trial court committed reversible error in granting defendant Winn-Dixie Montgomery, L.L.C.'s motion for summary judgment, thereby dismissing the claim of Helen M. Calliet-Comeaux. There are sufficient material facts in dispute to preclude summary judgment. This case is remanded to the trial court for such disposition not inconsistent with this opinion. All costs of this appeal are assessed against Winn-Dixie Montgomery, L.L.C.

**REVERSED AND REMANDED.**