NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-188

MARY LAFORGE AND WAYNE LAFORGE

VERSUS

GOLDEN NUGGET LAKE CHARLES, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-2348
HONORABLE CLAYTON A. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED.

Van C. Seneca
Plauché, Smith & Nieset, LLC
435 10th Street
Lake Charles, LA 70601
Telephone:(337) 436-0522
COUNSEL FOR DEFENDANT- APPELLEE:
    Golden Nugget Lake Charles, LLC

**R. Alan Breithaupt**
**James R. Close**
**Breithaupt, Dubos, & Wolleson, LLC**
**Post Office Box 14106**
**Monroe, LA 71207**
**(318) 322-1202**
**COUNSEL FOR PLAINTIFF- APPELLANT:**
    **Mary Laforge**
    **Wayne Laforge**

**PICKETT, Judge.**

A husband and wife appeal the trial court's judgment granting the defendant's motion for summary judgment and dismissing their claims for damages arising from injuries the wife sustained when she tripped on the wheel of a walker on which another patron was sitting while playing video poker at a casino.

**FACTS**

On June 16, 2017, Mary Laforge was walking in the Golden Nugget Lake Charles Casino (Golden Nugget), when she tripped as she walked behind another patron sitting at a video poker machine.[1] The Golden Nugget provides chairs for its patrons using video poker machines. One of those chairs had been removed from a video poker machine and placed across the aisle from the video poker machine by someone other than an employee of the Golden Nugget.[2] The patron sitting at the video poker machine from which the chair had been removed was seated on a walker with wheels. One of the walker's wheels protruded into the aisle. Mrs. Laforge tripped on the wheel as she walked behind its user which caused her to fall to the floor and injure her right arm. The Laforges filed suit against the Golden Nugget and other defendants to recover damages arising from Mrs. Laforge's injury.

In June 2022, the Golden Nugget filed a motion for summary judgment, asserting that the Laforges could not satisfy their burden of proving that it was liable to them under La.R.S. 9:2800.6, commonly referred to as the merchant liability statute. The Golden Nugget argued that it is entitled to summary judgment

---

[1] Mrs. Laforge testified in her deposition that she did not know what caused her to trip until she watched video provided by the Golden Nugget. Still shots from the video, but not the video itself, were introduced into evidence. Facts stated herein surrounding Mrs. Laforge's fall are established by Mrs. Laforge's testimony, the video still shots, and the affidavit referenced in footnote 2 below.

[2] These facts were established by the affidavit of a Risk Manager for Golden Nugget.

because the Laforges cannot show that it had actual or constructive notice that the walker wheel on which Mrs. Laforge tripped protruded into the aisle as required by La.R.S. 9:2800.6. After conducting a hearing, the trial court granted the Golden Nugget's motion and rendered judgment dismissing the Laforges' claims.

The Laforges appealed, arguing that the trial court erred in granting summary judgment in favor of the Golden Nugget because:

(1) The walker wheel on which Mrs. Laforge tripped presented an unreasonable and foreseeable risk of harm, and

(2) The walker wheel protruded into the aisle for some period of time before Mrs. Laforge tripped such that a genuine issue of material fact exists as to whether the Golden Nugget had constructive notice of it before she tripped.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. To succeed on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that she "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action[.]" *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

The party moving for summary judgment bears the burden of proof. La.Code Civ.P. art. 966(D)(1). If, however, the mover will not bear the burden of proof at trial that is put at issue by the motion for summary judgment, the mover need only show the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The adverse party must then produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

2

## DISCUSSION

The Laforges' burden of proving their claims against the Golden Nugget is set forth in La.R.S. 9:2800.6, which provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Pursuant to La.R.S. 9:2800.6(A), merchants are obligated "to exercise reasonable care to keep [the] aisles, passageways, and floors [of their premises] in a reasonably safe condition." Merchants must make "a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id*. Constructive notice is defined by La.R.S. 9:2800.6(C)(1) to mean "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."

The Golden Nugget urges that the Laforges have failed to show that they can satisfy their burden of proof under La.R.S. 9:2800.6. Specifically, it argues that the Laforges cannot prove that it caused the wheel of the guest's walker to protrude into the aisle or that it had constructive notice of the wheel protruding into the aisle before Mrs. Laforge tripped. The Laforges do not dispute that the Golden Nugget

3

did not move the video poker chair from its usual placement or cause the walker wheel to protrude into the walkway or that it did not have actual notice of the walker wheel protruding into the aisle before Mrs. Laforge tripped. Therefore, the issue herein is whether a genuine issue of material fact exists as to whether the Golden Nugget had constructive knowledge that the walker wheel protruded into the aisle before Mrs. Laforge tripped.

The Golden Nugget argues that the Laforges failed to present evidence sufficient to carry their burden of proving that it had constructive notice of the walker wheel protruding into the aisle before Mrs. Laforge tripped. In *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081, the supreme court held that to prove constructive notice, the Laforges must show that the walker wheel protruded into the aisle for a period of time that was sufficient for Golden Nugget to discover the alleged dangerous condition that it presented, which is a question of fact. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden." *Id.* at 1084-85. Failure to make such a showing is fatal to a plaintiff's claim. *White*, 699 So.2d 1081.

Without evidence of who moved the chair from the video poker machine, there is no direct evidence of who created the entire situation that caused Mrs. Laforge to trip. Circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment. *Herbert & Lula Marie Fusilier Revocable Living Tr. v. EnLink NGL Pipeline, LP*, 17-33 (La.App. 3 Cir. 5/24/17), 220 So.3d 904, *writ denied*, 17-1432 (La. 11/6/17), 229 So.3d 474. When circumstantial evidence is relied upon to establish a genuine issue of material fact, "taken as a whole, [it] must exclude every other reasonable hypothesis with a fair

4

amount of certainty." *Rando v. Anco Insulations Inc.*, 08-1163, p. 33 (La. 5/22/09), 16 So.3d 1065, 1090. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, but "[m]ere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. When considering a motion for summary judgment, courts are to determine whether there is a genuine issue of triable fact without evaluating the weight of the evidence. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764.

The Laforges have not presented any evidence showing how long the walker wheel protruded into the aisle before Mrs. Laforge tripped. They argue, however, that they need only show that the wheel protruded into the aisle for "some time" to defeat summary judgment, citing *Lewis v. Jazz Casino Co., L.L.C.*, 17-935 (La.App. 4 Cir. 4/26/18), 245 So.3d 68, *writ denied,* 18-757 (La. 9/21/18), 252 So.3d 877. In *Lewis*, the court determined that summary judgment was inappropriate after considering the testimony of the plaintiff's husband and son and casino employees who responded immediately after the plaintiff slipped that they observed foreign substances on the floor in the vicinity of where the plaintiff slipped. The court held that based on this testimony: "It may be reasonably inferred from this circumstantial evidence that the foreign substance was on the floor for 'some time period' before Ms. Lewis's fall." *Id.* at 75-76.

This court reached a similar conclusion in *Davenport v. Albertson's, Inc.*, 00-685, p. 5 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, 344, *writ denied,* 01-73 (La. 3/23/01), 788 So.2d 427, where the panel considered evidence of conditions similar to the one that caused the plaintiff's accident which occurred *after* his fall,

5

finding that such evidence was "admissible and relevant as to the issue of whether Albertson's had constructive notice," as required by La.R.S. 9:2800.6(B)(2). The panel was of the opinion "that a reasonable factfinder could find, from the circumstantial evidence produced by Davenport and the totality of the circumstances, that the toy truck was on the floor for some period of time prior to the fall." *Id.*

Unlike the plaintiffs in *Lewis*, 245 So.3d 68, and *Davenport*, 774 So.2d 340, the Laforges have not presented any evidence that would allow a factfinder to infer that the walker wheel protruded into the aisle for a sufficient period of time before Mrs. Laforge tripped on it. In *White*, 699 So.2d at 1084, the supreme court explained that La.R.S. 9:2800.6 "does not allow for the inference of constructive notice absent some showing of [the] temporal element." The only evidence in the record indicating how long the wheel protruded into the aisle are still photographs from video surveillance film that depict the place where Mrs. Laforge tripped. The still photographs span from 5:11.57.60 p.m. to 5.12.10.93 p.m.

The Laforges argue that because the walker wheel protruded into the aisle "as long as the woman seated on the walker was playing the video poker prior to [Mrs. Laforge] approaching. It can clearly be inferred that the [h]azard . . . existed for some period of time prior" to Mrs. Laforge tripping. We must disagree. There is no evidence showing how long the woman was sitting at the video poker machine before Mrs. Laforge tripped. Nor is there any evidence from which a fact finder could infer how long she was sitting at the video poker machine before Mrs. Laforge tripped. Based on this evidence, the woman at the video poker machine could have wheeled her walker to the video poker machine just before Mrs. Laforge approached that video poker machine and tripped on the wheel of the walker.

Unlike *Lewis*, 245 So.3d 68, and *Davenport*, 774 So.2d 340, the evidence provides no indicia from which an inference can be drawn that the walker wheel protruded into the walkway for some time before Mrs. Laforge tripped or that a similar situation occurred at the Golden Nugget on occasions before or after she tripped. Accordingly, the Laforges have not shown that the walker wheel protruded into the aisle for a sufficient amount of time to put the Golden Nugget on constructive notice of the hazardous situation that it created.

## DISPOSITION

For these reasons, we affirm the trial court's judgment granting summary judgment in favor of Golden Nugget Lake Charles, LLC, and dismissing with prejudice the claims of Mary Laforge and Wayne Laforge. All costs are assessed to the Laforges.

**AFFIRMED.**