SULLIVAN, Judge.
Tammie Semar and her husband, Kenneth, filed suit against The Kroger Company, its insurer, and several store employees, alleging that Mrs. Semar was injured when she fell on a bag of cookies that protruded from under a shelf into an aisle at a Kroger store in Lake Charles, Louisiana. Defendants filed a motion for summary judgment, arguing that Plaintiffs would be unable to meet their burden of proving that the store had actual or constructive notice of the cookies on the aisle floor. Exercising our supervisory jurisdiction, we found no error in the denial of that motion on the showing made. Semar v. Continental Cas. Ins. Co., 01-1377 (La. App. 3 Cir. 11/6/01). The supreme court subsequently granted Defendants’ writ application and remanded the case to this court for briefing, argument, and opinion. Semar v. Continental Cas. Ins. Co., 01-3159 (La.2/8/02); 808 So.2d 348. For the following reasons, we affirm the judgment of the trial court.
Facts and Procedural History
Plaintiffs’ petition, filed on April 28, 1999, alleges that Mrs. Semar fell “flat on her back” after she slipped on a plastic bag of cookies at approximately 2:15 p.m. on January 27, 1999, at the Kroger store on Highway' 14 in Lake Charles. The petition further states that the bag of cookies was “lying on the floor half way under the shelf [with] the other half sticking out from under the shelf[.]” On May 7, 2001, Defendants filed a motion for summary judgment, contending that Plaintiffs would be unable to show actual or constructive notice based upon Mrs. Semar’s deposition testimony that she did not know who placed the bag of cookies where she fell or how long it had been there.
Plaintiffs filed an opposition to the motion, to which they attached copies of several photographs of the scene taken by. Kroger employees approximately one hour | ¡>after the accident, as well as excerpts from depositions of store employees concerning the taking of the photographs and the inspection procedures in the store. At the hearing on September 4, 2001, Plaintiffs’ counsel alluded to another witness, whose affidavit had not yet been obtained.
While the matter was under advisement, Plaintiffs filed a motion to reopen the hearing to introduce the affidavit of that additional witness, John Fish. Mr. Fish was a former customer who attested that he stopped shopping at that Kroger store in late 1998 or early 1999 because of the *652 many grocery items and spills that were left unattended on the floors. At a second hearing on September 20, 2001, the trial court denied Defendants’ motion after allowing the affidavit of Mr. Fish to be filed.
Untimely Affidavit
Defendants argue that the trial court erred in allowing Plaintiffs to introduce the Fish affidavit after the hearing, citing the 2001 amendment to La.Code Civ.P. art. . 966(B) that requires opposing affidavits to be served at least four days prior to the date of the hearing. Plaintiffs respond that amended Article 966(B) permits the trial court, upon a showing of good cause, to give the adverse party additional time to file opposing affidavits. Plaintiffs also cite La.Code Civ.P. art. 967, which provides for supplemental affidavits.
Amended by Acts 2001, No. 771, § 1, Article 966(B) now provides:
The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall he served pursuant to Article ISIS at least four days prior to the date of the hearing unless there are local rules of court to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together |swith the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
(Emphasis added.) The amendment inserted the second sentence of the paragraph and revised the third, which had read: “The adverse party may serve opposing affidavits prior to the date of the hearing.”
Before the 2001 amendment, the adverse party could serve his opposing affidavits at any time before the date of the hearing. Now, the party adverse to the motion must serve his opposition at least four days in advance of the hearing (absent a conflict with local rules), although he may be given additional time upon a showing of good cause.' Nonetheless, we do not find that the amended version permits the filing o'f an affidavit after the hearing. The amendment places an earlier deadline on the non-mover, with some relief from this more onerous burden if good cause is shown. However, interpreting the article to permit the filing of an affidavit after the hearing, which the prior version did not allow, seems inconsistent with the new requirement that the opposition be served by a specified date before the hearing. Accordingly, we conclude that, while the trial court may grant the adverse party additional time to file an opposition, it must be done by the time of the hearing.
Notwithstanding the above analysis, we note the jurisprudence recognizing that the trial court has discretion to permit an opposing affidavit to be filed after the time prescribed in Article 966 has expired, provided the other party is not prejudiced by the late filing. White v. Gulf States Utils., Inc., 465 So.2d 287 (La.App. 8 Cir.), writ denied, 468 So.2d 576 (La.1985). In Thibodeaux v. Ferrellgas. Inc., 98-862 (La. App. 3 Cir. 1/6/99); 741 So.2d 34, writ denied, 99-366 (La.3/26/99); 739 So.2d 797, we found no error in the admission of a late affidavit, where the trial court gave the adverse party an opportunity to respond after taking the matter under advisement. Similarly, in International *653 Paper Co. v. Hilton, 96-212 (La.App. 3 Cir. 12/11/96); 686 So.2d 567, writ denied, 97-119 (La.3/7/97); 689 So.2d 1377, we found no error in the admission of an affidavit attached to a post-hearing brief, where the other party was also given the opportunity to file a response. In the present case, however, the trial court ruled on summary judgment immediately after it1 permitted the affidavit to be filed, stating that its judgment was based in part on that affidavit. Under these circumstances, we find the trial court erred in admitting the affidavit.
We also find that Plaintiffs may not rely on Article 967 to allow the filing of the Fish affidavit. That article provides in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
[[Image here]]
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
[[Image here]]
(Emphasis added.)
In Duhe v. Weber’s IGA Store, 01-383 (La.App. 5 Cir. 10/17/01); 800 So.2d 1002, the plaintiff relied on this article in arguing that the trial court should have granted a continuance so that she could obtain the affidavit of a witness from whom she had a handwritten, unsworn statement, The appellate court found a continuance | Bwas not warranted because, at the hearing on the motion, the plaintiff presented no affidavits that required supplementation. Similarly, in the instant case, neither party produced any affidavits that required supplementation or opposition.
Although we find that the trial court should not have considered the Fish affidavit, we will still determine whether summary judgment should have been granted or denied based upon the remaining submissions in the record, given that summary judgments are reviewed de novo on appeal. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00); 774 So.2d 119.
Constructive Notice
To recover in a slip and fall case against a merchant, the plaintiff must prove the following, as set forth in La.R.S. 9:2800.6(B) and (C):
[B.] (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it *654 would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
The definition of “constructive notice” in Section (C)(1) of the statute clearly and unambiguously includes a temporal element. White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97); 699 So.2d 1081. The supreme court further stated in White, 699 So.2d at 1084-85:
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
In Davenport v. Albertson’s, Inc., 00-685, p. 4 (La.App. 3 Cir. 12/6/00); 774 So.2d 340, 343, writ denied, 01-73 (La.3/23/01); 788 So.2d 427, we discussed how a plaintiff may rely on circumstantial evidence to meet this burden:
We find that a plaintiff in a slip and fall case may prove constructive notice on part of the defendant by introducing circumstantial evidence of the existence of the condition. We reject a finding that the plaintiff must prove, via eyewitness testimony, that the condition existed for a certain number of minutes prior to the fall. Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, unit denied 99-0486 (La.4/1/99); 742 So.2d 562. The factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for some time prior to the accident. Id.
In Broussard we found, as did Justice Calogero in his dissent in White, that it would be virtually impossible for the plaintiff to prove how long the substance or item that caused him/her to fall was present at that particular location. Moreover, in White, the cases relied upon by the supreme court, as examples of when a plaintiff has successfully carried his burden, all allowed the introduction of circumstantial evidence after the actual occurrence of the accident to prove constructive notice.
In Davenport, the plaintiff tripped on a toy truck in the toy aisle of a supermarket. That plaintiff, as Mrs. Semar, did not know how long the condition existed in the aisle before the accident. However, he produced the affidavits of witnesses who had seen toys and other objects in that aisle since the day of the |7accident, as well as photographs of toys laying in the aisle. We found that evidence relevant and admissible as to the defendant’s constructive notice of the toy involved in the accident, even though that evidence was gathered fourteen months after the accident. We further found that the plaintiffs evidence was sufficient to create a genuine issue of material fact, as “a reasonable factfinder could find, from the circumstantial evidence ... and the totality of the circumstances, that the toy truck was on the floor *655 for some period of time prior to the fall.” Id. at 344.
In the present case, Plaintiffs produced copies of “posed photos” of the scene that were taken one hour after the accident. Those photographs, taken by Kroger personnel, depict an employee posed in the position that Mrs. Semar was allegedly found. In the photographs, groceries- and other items can be seen on the floor in the aisle and under the shelving unit, also called a gondola, with one item possibly protruding from under the shelf. Plaintiffs also offered excerpts from the deposition of a Kroger employee, Randall Dally, who stated that the pictures show a can of ice tea mix and a bag of cookies in the aisle, with some other items under the gondola. According to Mr. Dally, the items under the gondola were not added for the photographs, but had been there previously. Mr. Dally further stated that it was possible for groceries to protrude from the edge of the shelving unit because it did not have a “kick plate” and that he was aware that groceries had been pushed under the shelves in the store. Regarding the store’s inspection procedures, he testified that the area under the shelves are not swept every night and that someone generally looks for potential problems in the store every forty-five minutes to an hour. Another store employee, William Moss, stated in his deposition that the area under the shelves would have been cleaned in the mornings, but only if that were specifically scheduled |sbecause the area was dirty. He has cleaned under the gondolas , only once since he has been employed at the store.
At the hearing, Defendants argued that the pictures were not probative because they were only part of a re-enactment that attempted to approximate where the accident happened and where the items may have been. They also suggested that, after the photographs were produced, Plaintiffs changed their version of- the accident by contending that the bag of cookies was closer to shelves than originally claimed. Although the tea and the cookies pictured in the aisle were part of the re-enactment, Mr. Dally testified that items under the shelves were not placed there for the pictures, but were already present. According to Mr. Moss, the area under the shelves would only have been cleaned in the morning and then only if that were scheduled because the area was dirty. As to whether the Plaintiffs’ version of the accident changed after the pictures were produced, the record permits only the observation that the petition places the bag of cookies as protruding from under the shelves.
. Under La.Code Civ.P. art. 966(C)(2), the burden of proof on a motion for summary judgment remains with the mover. However:
[I]f the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to -negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Id.

Through the photographs • and depositions, we find that Plaintiffs have demonstrated a genuine issue of material fact. We find that a reasonable trier of fact 1 acould infer that the bag of cookies had *656 been protruding from under the shelf for a period of time before the accident at 2:15 p.m., given the presence of other items under the shelves one hour after the accident and the testimony that the area under shelves would only have been cleaned in the morning if it was dirty at that time.
Decree
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendants.
WRIT DENIED.
AMY, J., dissents and assigns reasons.