864 So.2d 742 (2003)
Charlotte Trahan SAVOIE
v.
Jeffery SAVOIE.
Jeffery F. Savoie
v.
Charlotte Trahan Savoie.
Nos. 03-CA-893, 03-CA-894.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*743 Steven F. Griffith, Sr., Destrehan, LA, Counsel for Plaintiff/Appellant.
Richard M. Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, LA, Counsel for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The plaintiff, Charlotte Trahan Savoie, filed a Petition to Annul the matrimonial agreement between her and her former husband, Jeffery Savoie. She has appealed the grant of summary judgment in favor of Jeffery Savoie. For the reasons that follow, we reverse.

FACTS:
The parties were married on July 22, 1989 and divorced on April 29, 2002. While the divorce proceedings were pending, Charlotte Trahan Savoie filed a Petition to Annul a matrimonial contract that was purportedly signed by the parties on July 21, 1989 and filed into the public records on October 11, 1991. In her verified petition, Charlotte Trahan Savoie alleged that the document was not valid because it was not executed before a notary and was not an act under private signature because it was not acknowledged before a notary. In the alternative, Charlotte Trahan Savoie alleged she was coerced into signing the contract the day prior to her wedding.
Jeffery Savoie filed a Motion for Summary Judgment claiming that the matrimonial agreement was entered into between the parties and duly witnessed, notarized, and recorded by the notary. A copy of the matrimonial agreement was attached to the motion. The agreement provides that the parties will not *744 have a community of acquets and gains existing between them, and that certain property of Jeffery Savoie will remain as separate. The document is signed by Jeffery Savoie, Charlotte Trahan (Savoie), two witnesses and a notary. In support of his Motion for Summary Judgment, Jeffery Savoie attached affidavits from the two witnessesSimon F. Savoie, Jr. and Brian Savoie. Simon F. Savoie, Jr. attests that he witnessed both parties sign the document, witnessed the execution of the document by Brian Savoie and was present at the time the notary signed the document. He further attests that the document was provided to Charlotte Trahan (Savoie) five days prior to the marriage ceremony. Brian Savoie attests that he was present at the time Charlotte Trahan (Savoie) executed the document and witnessed the signing by Simon F. Savoie, Jr., the notary, and Jeffery Savoie. He further attests that both parties had an opportunity to discuss the document with their respective attorneys several days prior to the signing. An affidavit by defendant, Jeffery Savoie, was also attached to the motion. Jeffery Savoie attests that he was present when both witnesses, the notary, and Charlotte Trahan (Savoie) signed the document. He further attests that Charlotte Trahan (Savoie) was furnished with the document five to seven days prior to the marriage ceremony for a review by her and her attorney. Jeffery Savoie further attests that the notary who executed the document is now deceased.
The record does not contain a Memorandum in Opposition by Charlotte Trahan Savoie.
The matter was set for hearing. At the hearing, Jeffery Savoie argued that the affidavits prove that the document was executed before a notary and two witnesses and was later recorded with the Clerk of Court.
In response, Charlotte Trahan Savoie's attorney stated that her previous attorney, Charles Romano, had a conversation with the now deceased notary, who admitted that he was not present when the document was signed, nor did he recall if the witnesses were present when the document was signed. Charlotte Trahan Savoie presented an affidavit to this effect and offered the affidavit for admission into evidence. Jeffery Savoie objected to the admission of this affidavit since it was not served on the opposing party four days prior to the hearing as required by La. C.C.P. art. 966. The trial judge did not rule on the Jeffery Savoie's objection, but the affidavit is contained in the record.
At the conclusion of the hearing, the trial judge took the matter under advisement. She then rendered judgment, without reasons, granting the Motion for Summary Judgment.

LAW AND DISCUSSION:
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The burden is on the moving party to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
*745 A decision as to whether or not to grant a Motion for Summary Judgment can only be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5 Cir.1988).
La.C.C. art. 2331 provides:
A matrimonial agreement may be executed by the spouses before or during marriage. It shall be made by authentic act or by an act under private signature duly acknowledged by the spouses.
The record contains an affidavit by plaintiff's former attorney, Mr. Romano. The affidavit states that he spoke to John Hattier, the notary on the matrimonial agreement, prior to Mr. Hattier's death. Mr. Romano attests that Mr. Hattier "admitted to me that it was in fact true that Charlotte Trahan had not executed the marriage contract in his presence."
Defendant claims that this affidavit is inadmissible hearsay. While we make no finding as to the admissibility of Hattier's statement to Mr. Romano at trial, we find that his affidavit is sufficient to show that the material issue of whether the matrimonial agreement was executed or acknowledged in front of a notary is in dispute.
Defendant argues the affidavit by Mr. Romano was not provided to him four days prior to the hearing on this matter as required by C.C.P. article 966(B) and Rule 9.10 of the district court rules. Plaintiff asserts the affidavit was timely provided to defendant. The affidavit appears at page 18 of the record. The affidavit does not contain a stamp to indicate the date it was filed into the record, but the document following the affidavit was filed into the record on March 14, 2002. However, there is nothing in the record to indicate the date the affidavit was served on opposing counsel. Based on the record, we are unable to determine when the affidavit was served on opposing counsel.
The jurisprudence has recognized that the trial court has discretion to permit an opposing affidavit to be filed untimely, provided the other party is not prejudiced by the late filing. Semar v. Continental Casualty Insurance Co., 01-1377 (La.App. 3 Cir.6/19/02), 820 So.2d 650. We find that if the affidavit was not provided to defendant in a timely manner, the defendant was not prejudiced by this affidavit because the record indicates that the defendant was aware of the information contained in the affidavit as evidenced by a letter from Mr. Romano to defendant's attorney dated April 26, 2001. The letter states that Mr. Romano had spoken to Mr. Hattier who "confirmed Charlotte's contention that she did not execute the Agreement in his presence."

CONCLUSION:
For the foregoing reasons, we find that the trial judge erred in granting summary judgment because there are material issues of fact in dispute that will require credibility determinations by the trier of fact at a trial on the merits. Accordingly, the judgment of the trial court is reversed.
REVERSED.