# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1172

WELKIN SMITH, INDIV., ET AL.

VERSUS

RAPIDES HEALTHCARE SYSTEM, L.L.C., ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 243,027
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Richard Lyons Weil**
**Weil & Associates**
**P. O. Box 848**
**Bourg, LA 70343-0848**
**Telephone: (985) 591-4199**
**COUNSEL FOR:**
    **Defendant/Appellee - Dave M. Rayburn, M.D.**

**Randall M. Seeser**
**Joseph P. Landreneau**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71301**
**Telephone: (318) 445-6471**
**COUNSEL FOR:**
    **Defendant/Appellee - Rapides Healthcare System, L.L.C., d/b/a Rapides**
    **Regional Medical Center**

**John Mark Miller**
**Stamey & Miller, LLC**
**P. O. Drawer 1288**
**Natchitoches, LA 71458**
**Telephone: (318) 352-4559**
**COUNSEL FOR:**

> **Plaintiffs/Appellants - Welkin Smith, Individually and as Independent Administrator for the Succession of Linda Faye Smith, Deena D'Lynn Miles and Charles Edward Mangum, Jr.**

**THIBODEAUX, Chief Judge.**

In this medical malpractice case, Welkin Smith, the husband of a deceased patient, brought wrongful death and survival actions against Rapides Healthcare System, L.L.C. for negligent post-surgical care of his wife. The defendant moved for summary judgment, contending that the plaintiffs could not meet their evidentiary burden at trial as they failed to present any expert medical testimony that the defendant breached the applicable standard of care. The plaintiffs filed a late opposition to the motion, arguing that expert testimony is not always necessary in medical malpractice suits and that there were disputed facts regarding the level of care provided. Despite the late filing, the trial court agreed to admit the opposition, but it concluded that since there were no genuine issues of material fact, the defendant was entitled to summary judgment. On appeal, we find that the trial court's decision to admit the late-filed opposition was within its discretion. However, as the plaintiffs failed to present necessary expert medical testimony to support their specific medical malpractice claims, we affirm the trial court's granting of summary judgment in favor of the defendant.

I.

**ISSUES**

We shall consider whether the trial court erred by:

(1)    admitting plaintiffs' late-filed opposition to the motion for summary judgment into evidence; and

(2)    granting defendant's motion for summary judgment.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2005, Dr. Dave M. Rayburn performed an excision of the right breast with axillary node dissection on Linda Faye Smith at Rapides Regional Medical Center. After surgery, Mrs. Smith was released to a hospital room for recovery where she complained of severe pain. In response, the post-operative care nurse, Joan Ward, administered the pain medication, Buprenex, to Mrs. Smith. Shortly after receiving the medication, Mrs. Smith went into respiratory arrest and was unresponsive. After being intubated, Mrs. Smith slipped into a comatose state and became ventilator-dependent. On November 6, 2006, Mrs. Smith died of cardiac arrest.

Mrs. Smith's husband, Welkin Smith, acting both individually and as the Independent Administrator for the Succession of Mrs. Smith, brought a survival action and a wrongful death action against Dr. Rayburn and Rapides Healthcare System, L.L.C., d/b/a Rapides Medical Center, alleging medical malpractice and negligence in the post-surgical care of Mrs. Smith. Mr. Smith further requested a Medical Review Panel (hereinafter "MRP") to independently determine if there was a breach of the applicable standard of care. After the MRP issued an opinion concluding that the defendants did not breach the standard of care, Rapides Healthcare System filed a motion for summary judgment on January 25, 2013, arguing that the plaintiffs lacked the necessary expert testimony to show a breach. In support of its motion, the defendant filed the plaintiffs' petition, the answer to the petition, the plaintiffs' answer to interrogatories, the MRP opinion, and the affidavits of the two doctors who served on the MRP.

After numerous continuances, the summary judgment hearing was set for May 6, 2013. The plaintiffs filed their opposition to the motion for summary judgment on April 29, 2013, arguing that reliance on the MRP opinion is misplaced as the requested hospital protocol for patient care submitted to the MRP for review was neither authenticated nor complete. Furthermore, in reviewing the potential breach of the standard of care, the MRP did not consider the later-filed affidavit of Mr. Smith, which conflicts with that of Joan Ward by stating that no nurse ever checked on Mrs. Smith after she received the pain medication. In support of the opposition, the plaintiffs submitted the affidavit of Welkin Smith and the submitted hospital protocol. Finding that there was no genuine issue of material fact, the trial court granted the defendant's motion for summary judgment. The plaintiffs now appeal the trial court's ruling.

III.

## LAW AND DISCUSSION

### Standard of Review

A trial court's ruling regarding a late-filed opposition to a motion for summary judgment will not be disturbed upon appeal absent an abuse of discretion. *See Phillips v. Lafayette Parish Sch. Bd.*, 10-373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739; *Higginbotham v. Rapides Found.*, 07-538 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226.

Grants of summary judgment are subject to de novo review "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. &*

*Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. We shall consider the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-moving party. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more essential elements to the non-mover's case. La.Code Civ.P. art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id.*

**Timeliness of Plaintiffs' Opposition to the Motion for Summary Judgment**

The plaintiffs filed their opposition to the motion for summary judgment on April 29, 2013, which was within eight calendar days of the summary judgment hearing set for May 6, 2013. On appeal, the defendant argues that the plaintiffs' opposition and supporting affidavit of Mr. Smith should have been stricken from the record for failure to comply with the mandatory filing deadlines imposed by La.Code Civ.P. art. 966(B)(1) and La.Dist.Ct.R. 9.9. While the opposition clearly was filed untimely, we find that the trial court did not abuse its discretion in considering the opposition and its supporting documents in its summary judgment determination.

4

The Louisiana Code of Civil Procedure Article 966(B) (emphasis added)[1] states that in summary judgment proceedings, "[t]he adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof *shall* be served pursuant to Article 1313 within the time limits provided by District Court Rule 9.9."  Under La.Dist.Ct.R. 9.9(b) (emphasis added), "[a] party who opposes an exception or motion *shall* concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing."  While the usage of the language "shall" in these provisions implies a mandatory obligation to timely file, the Louisiana Supreme Court has interpreted the trial court's decision to strike untimely filed oppositions to be discretionary:

> The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court. *See American Bank & Trust Company v. International Development Corporation, Inc.,* 506 So.2d 1234, 1235-36 (La.App. 1 Cir.1987). Given the facts and circumstances of this case, we find no abuse of discretion by the trial court in excluding the opposition. . . .

*Buggage v. Volks Constructors*, 06-175, p. 1 (La. 5/5/06), 928 So.2d 536, 536.

Despite the mandatory language in the codal provisions, the courts of Louisiana have overwhelmingly followed the precedent set in *Buggage* by treating these procedural rules as discretionary:

> Since *Buggage v. Volks Constructors, supra,* supreme court and appellate court decisions indicate that it is not an abuse of discretion to disallow the late-filed materials

---

[1]The citation for this codal provision in effect at the time of the summary judgment was La.Code Civ.P. art. 966(B).  The citation for this provision under the now-in-effect version of the law is La.Code Civ.P. art. 966(B)(1).  The actual quoted language was not changed in the amendments.

because of the mandatory language of La. C.C.P. art. 966(B) and Rule 9.9. For example, in *Guillory v. Chapman*, 10–1370 (La.9/24/10), 44 So.3d 272, the supreme court held that the trial court, which refused to consider a late-filed affidavit, did not abuse its discretion in "choos[ing] to follow the mandatory language of La. C.C.P. art. 966(B)(2), which requires a party opposing the motion for summary judgment to serve opposing affidavits and any memorandum in support thereof 'at least eight days prior to the date of the hearing.'" *See also, Woodall* [*v. Weaver*, 43,050 (La.App. 2 Cir. 2/13/08), 975 So.2d 750]. In *Buggage, supra*, rather than holding that untimely affidavits must be excluded by the trial court, the supreme court specifically stated that such affidavits "can" be excluded by the trial court, and noted that the trial court "acted within its discretion" in excluding the opposition. *Buggage*, 928 So.2d at 536. Other courts of this state have also indicated that district courts have discretion to consider late-filed opposition materials, absent prejudice to the mover, in application of this otherwise mandatory time period. *See Phillips v. Lafayette Parish Sch. Bd.*, 10–373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739; *James Constr. Group, L.L.C. v. State ex rel. Dep't of Transp. and Dev.*, 07–225 (La.App. 1 Cir. 11/2/07), 977 So.2d 989; *Savoie v. Savoie*, 03–893 (La.App. 5 Cir. 12/30/03), 864 So.2d 742. Hence, because the statutory language requiring a party to file its opposition at least eight days prior to the scheduled hearing, unless the court sets a shorter period, is mandatory, a district court has the discretion to allow the filing, unless the mover is prejudiced, but it is not required to make a finding of prejudice to disallow late-filed opposition documents.

*Mahoney v. E. Carroll Parish Police Jury*, 47,494, pp. 11-12 (La.App. 2 Cir. 9/26/12), 105 So.3d 144, 152, *writ denied*, 12-2684 (La. 2/8/13), 108 So.3d 88.

Beyond jurisprudence, the Rules for Louisiana District Courts also provide for discretionary deviation from the rules. In particular, La.Dist.Ct.R. 1.4 states:

An individual judge may, in the interest of justice and upon notice to all parties, permit deviations from these Rules in a particular proceeding. Any such deviation shall be noted on the record in open court in the presence

6

of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record.

Here, as the plaintiffs' opposition was filed seven days before the hearing, it clearly was untimely under La.Code Civ.P. art. 966(B) and La.Dist.Ct.R. 9.9(b). However, applying La.Dist.Ct.R. 1.4, the trial court deviated from the timeliness rules by admitting the opposition on the record:

> THE COURT: … before we begin, I want you to know – because I think this is the first time you've appeared before me – that I enforce Rule 9.9. But because you've not been here before, you don't practice regularly in this court, I know there are some judges that do not enforce the Uniform District Court Rules. So, I typically do not let an attorney that has not timely filed their opposition argue. I'm going to allow you to argue today but for the future, please keep that in mind and get that in timely…

Considering the jurisprudence, we find that the trial court's decision to admit the plaintiffs' untimely opposition and supporting affidavit was not an abuse of discretion.

**Motion for Summary Judgment**

This motion for summary judgment involves a suit for medical malpractice. To prevail in a medical malpractice claim, a plaintiff must demonstrate by a preponderance of the evidence: (1) the applicable standard of care; (2) a breach of the standard of care; and (3) causation between the breach and the resulting injury. La.R.S. 9:2794. The defendant contends it is entitled to summary judgment since the plaintiffs have failed to present necessary expert medical testimony regarding a breach of the standard of care; thus, they failed to

7

carry their evidentiary burden as to this essential element of the malpractice claims. We agree.

Louisiana appellate courts have consistently held that in medical malpractice suits, "[e]xpert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha v. Rau*, 07-1726, pp. 5-6 (La. 2/26/08), 977 So.2d 880, 884. The supreme court's decision in *Pfiffner v. Correa*, 94-924, 94-963, 94-992, pp. 9-10 (La. 10/17/94), 643 So.2d 1228, 1233-34 provides valuable guidance as to when such expert testimony is needed:

> Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence. *See Hastings v. Baton Rouge Gen. Hosp.*, 498 So.2d 713, 719 (La.1986). Failure to attend a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary are also examples of obvious negligence which require no expert testimony to demonstrate the physician's fault. *See id.* at 719-20. Likewise, where the defendant/physician testifies as to the standard of care and his breach thereof, see, e.g., *Riser v. American Medical Int'l Inc.*, 620 So.2d 372, 377 (La.Ct.App. 5th Cir.1993), or the alleged negligence consists of violating a statute and/or the hospital's bylaws, see, e.g., *Hastings,* 498 So.2d at 722 (violation of [La.R.S.] 40:2113.4 which imposes duty on a hospital to make emergency services available to all persons in the community without regard to income or insurance protection and hospital bylaws establishing duties for on-call physicians), expert testimony is also unnecessary to establish a malpractice claim. . . . Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under [La.R.S.] 9:2794's requirements without medical experts, there are

8

instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof.

Given the facts surrounding this case, expert testimony is necessary for the plaintiffs to prove a breach of the standard of care. The alleged negligence does not involve an obvious careless act such as amputating the wrong limb or leaving a surgical instrument in the patient's body. Furthermore, even if we acknowledge the factual discrepancy between Nurse Ward's and Mr. Smith's affidavits as to whether nurses checked on Mrs. Smith between the administration of the pain medication and the time she became unresponsive, this fact is not material to the case as there is still no evidence that the defendant violated any hospital protocol. Assuming that no nurse checked on Mrs. Smith as Mr. Smith contends, Nurse Ward's affidavit indicates that the time period between the administration of the medication at 1351 and the discovery of the unresponsive patient at 1430 was thirty-nine minutes. While a lapse of thirty-nine minutes in patient care may possibly amount to negligence in this circumstance, it does not indicate an *obvious* failure to attend to a patient. As these assessments of conduct are not apparent to a laymen finder of fact, who is not familiar with proper medical protocol under these circumstances, expert medical testimony is required in this instance for the plaintiffs to prove that there was a breach of the standard of care.

Considering the necessity of expert testimony in this medical malpractice claim, the defendant, in moving for summary judgment, met its burden by "pointing out to the district court that the plaintiffs would be unable to bear their burden of proof at trial" since they "failed to obtain expert medical testimony to

9

support their claims." *Samaha*, 977 So.2d at 886. This initial burden can be satisfied "by filing the motion and attaching the plaintiffs' discovery responses." *Id.* at 884. The defendant met this burden, as it supported the motion with the plaintiffs' answers to interrogatories where the plaintiffs admitted that they "[anticipated] retaining expert witnesses regarding the allegations of negligence, causation, and damages as set forth in plaintiffs' petition." Arguing that expert testimony was necessary in this case, the defendant followed the precedent established in *Samaha*, pointing out that the plaintiffs cannot rely on anticipated retention of experts when discovery has been ongoing for years to meet their evidentiary burden at summary judgment. The defendant further submitted into evidence the certified MRP opinion[2] and the affidavits of the doctors who served on the MRP,[3] which concluded that the defendant did not breach the applicable standard of care.

The burden now shifted to the plaintiffs to present expert testimony that the defendant breached the standard of care. As they have had several years to attain such expert evidence through discovery and have failed to present any such testimony that there was a breach, they have failed to produce sufficient evidence

---

[2]The plaintiffs raise several arguments on appeal that the MRP opinion should not be considered in evidence because it is conclusory and based on incomplete information. However, these arguments are moot as the plaintiffs failed to object to the inclusion of the MRP opinion into evidence. While supporting *affidavits* that are conclusory cannot be considered on a motion for summary judgment, the MRP opinion is not an affidavit subject to this restriction, and even if it were considered as such, the argument that affidavits are inadequate "is waived unless the opposing party files a motion to strike or otherwise objects." *Samaha*, 977 So.2d at 890. As there was no formal objection, the MRP opinion was properly admitted and may be considered expert medical evidence in assessing this summary judgment motion. *See Samaha*, 977 So.2d 880.

[3]While one of these affidavits contained erroneous information regarding the doctors who served on the MRP, the other affidavit did not contain any such errors and could be properly considered. As there is no requirement that a party provide multiple affidavits establishing the same facts to support a summary judgment motion under La.Code Civ.P. art. 966, the presence of the erroneous affidavit is moot for purposes of this case.

10

to establish that they would be able to satisfy their evidentiary burden at trial, and thus, the trial court properly granted summary judgment in favor of the defendant. *See Samaha*, 977 So.2d 880.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the trial court's grant of the defendant's motion for summary judgment. Costs are assessed against the plaintiffs.

**AFFIRMED**.